IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

BRANDON RHODE, :
:
        Petitioner :
:
vs. :
: CIVIL ACTION NO.:5:10-CV-349 (CAR)
HILTON HALL, Warden, :
:
        Respondent :
:

# **ORDER**

Pending before the Court is Rhode's Petition for Writ of Habeas Corpus, Motion for Leave to Proceed *in forma pauperis*, Motion for Stay of Execution, and Motion to Appoint Counsel.[1]

While burglarizing their home on April 23, 1998, Rhode and his co-perpetrator, Daniel Lucas, murdered 11- year-old Bryan Moss, 15-year-old Kristen Moss, and their father, Steven Moss. A jury found Rhode guilty of three counts of malice murder, three counts of felony murder, two counts of burglary, and one count of kidnaping. The felony murder convictions were vacated by operation of law and Rhode was sentenced to death after the jury concluded that death sentences were warranted for the three murders.[2]

After being denied a new trial and losing on direct appeal to the Georgia Supreme Court, Rhode petitioned for habeas relief in the state court. When his habeas corpus petition was denied at the state level, and the Georgia Supreme Court denied a Certificate of Probable Cause to

---

[1] Petitioner's motion to proceed in forma pauperis is granted for purposes of this dismissal alone as the motion for counsel.

[2] The facts of this case are set forth in full at ***Rhode v. Hall***, 582 F.3d 1273 (2009).

1

Appeal, Rhode filed a federal habeas corpus action pursuant to 28 U.S.C. § 2254. This Court denied relief in an Order dated September 9, 2008 and this decision was upheld by the United States Court of Appeals for the Eleventh Circuit. ***Rhode v. Hall***, 582 F.3d 1273 (2009). Thereafter, the United States Supreme Court denied certiorari on June 7, 2010 and denied a rehearing on August 16, 2010. ***Rhode v. Hall***, 130 S. Ct. 3399 (2010); ***Rhode v. Hall***, 2010 U. S. LEXIS 5635 (U.S. Aug. 16, 2010).[3]

On September 7, 2010, an execution warrant was issued that set Rhode's execution between September 21, 2010 and September 28, 2010. Petitioner's execution was thereafter scheduled for Tuesday, September 21, 2010 at 7:00 p.m.. However, that morning Rhode attempted suicide by slicing his neck and arms with a razor. The Supreme Court of Georgia granted a stay of execution.

On September 22, 2010, the Butts County Superior Court held a hearing "in which the State was permitted to call prison employee witnesses and a prison psychiatrist." (Pet. p. 9). The Butts County Superior Court allowed Rhode's mental health expert to have access to him on that same date and then conducted another hearing at which time his expert, Dr. Richard Adler, testified. (Pet. p. 9). The state habeas court then denied Rhode's habeas and denied a stay of execution. The Georgia Supreme Court denied a certificate of probable cause to appeal and denied the stay. Rhode is scheduled to be executed today, September 27, 2010 at 7:00 p.m..

Currently pending before this Court is Rhode's motion to stay execution and his habeas corpus petition in which he contends that he is incompetent to be executed and, therefore, his execution would violate the Eighth Amendment of the United States Constitution.

---

[3]The procedural history in this case is set forth in full at Rhode v. Hall, 582 F.3d 1273 (2009).

2

This Court has authority to grant a stay of execution pursuant to 28 U.S.C. § 2251. However "[a] stay 'is not available as a matter of right, and equity must be sensitive to the State's strong interest in enforcing its criminal judgments without undue interference from the federal courts'." ***Jones v. Allen***, 485 F.3d 635, 638 (11th Cir. 2007)(quoting ***Hill v. McDonough***, 547 U.S. 573, 584 (2006)). The Eleventh Circuit has explained the criteria for a district court to consider when determining whether it should grant a stay:

> [I]n considering whether it should grant a state under 28 U.S.C. § 2251 in a state habeas case, [the Court] must apply a four part test: whether the movant has made a showing of likelihood of success on the merits and of irreparable injury if the stay is not granted, whether the stay would substantially harm other parties, and whether granting the stay would serve the public interest.

***Bundy v. Wainwright***, 808 F.2d 1410, 1421 (11th Cir. 1987).

For prisoners facing the death penalty, the Eleventh Circuit has explained that the second part of the four part test–irreparable injury if the stay is not granted–is "self-evident." ***In re Holladay***, 331 F.3d 1169 (11th Cir. 2003). Moreover, in relation to the third and fourth parts of the test, the Court has explained that "no substantial harm . . . will flow to the State of [Georgia] or its citizens from postponing petitioner's execution to determine whether the execution would violate the Eighth Amendment." ***In re Holladay***, 331 F.3d 1169, 1176 (11th Cir. 2003). Again, however, this Court is aware that "the State has a substantial interest in the finality of criminal proceedings"and the Court does not wish to delay the case needlessly. ***Lawrence v. Florida***, 421 F.3d 1221, 1225 (11th Cir. 2005) .

The more difficult issue is "whether [Rhode] has made a showing of likelihood of success on the merits." ***Bundy v. Wainwright***, 808 F.2d 1410, 1421 (11th Cir. 1987). This is the second habeas action Rhode has filed in this Court. As such, the Court would normally dismiss this petition for lack of jurisdiction because Rhode did not first obtain authorization from the Eleventh

3

Circuit Court of Appeals to file the petition. 28 U.S.C. § 2244(b)(3)(A). However, in *Panetti v. Wainwright*, 551 U.S. 399 (1986), the United States Supreme Court "held that a petitioner's *Ford v. Wainwright*, 477 U.S. 399 (1986)[4] claim of incompetency to be executed because of his mental condition at the time of the scheduled execution is not one that is required to be brought in an initial habeas petition on pain of being treated as a second or successive petition." *Tompkins v. Sec'y Dep't of Corr.*, 557 F.3d 1257, 1260 (2009). Therefore, the Court does have jurisdiction over the petition.

Respondent has provided the record in this case and, therefore, "whether a request to stay meets the . . . four part test may depend upon everything that is before the court–petition, answer, record, and the § 2254 presumptions." *Bundy,* 808 F.2d at 1421. The state court has reached the merits of Rhode's incompetency issue and has ruled against him on this issue. The Court is "'limited in [its] review of every issue decided in the state courts by a general framework of substantial deference'." *Cummings v. Sec'y for the Dep't of Corr.*, 588 F.3d 1331, 1355 (11th Cir. 2009)(quoting *Parker v. Allen*, 565 F.3d 1258, 1267 (11th Cir. 2009)). Under AEDPA, Congress prohibited district courts from granting habeas relief unless a state court's adjudication of a claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254 (d).

The state habeas court applied the clearly established Federal law on incompetency for

---

[4] Ford, 477 U.S. 399 (1986)(holding that "the Eighth Amendment prohibits a State from carrying out a sentence of death upon a prisoner who is insane").

execution, which is contained in ***Ford v. Wainwright***, 477 U.S. 399 (1986) and further developed in ***Pannetti v. Quarterman***, 551 U.S. 983 (2007). The only issue, therefore, is whether the court's decision involved an unreasonable application of this precedent.

A prisoner is incompetent to be executed when his "mental illness prevents him from comprehending the reasons for the penalty or its implications." ***Ford***, 477 U.S. 399, 417. Once a prisoner seeking a stay of execution makes a "substantial threshold showing of insanity," due process requires a fair hearing on his competency to be executed. ***Panetti***, 551 U.S. at 949. This requirement for a fair hearing includes the right to submit evidence and argument, including expert psychiatric evidence, on the issue of his insanity or incompetency. *Id*. at 948-49. It appears from the record before this Court that Petitioner was afforded a hearing before the Butts County Superior Court and was allowed to have an independent expert examine and testify at such hearing.

Moreover, the Court cannot find that the state court's decision is based on any unreasonable determinations of fact. A prisoner is incompetent to be executed when his "mental illness prevents him from comprehending the reasons for the penalty or its implications." ***Ford***, 477 U.S. 399, 417. The testimony from Rhode's own expert shows that Rhode knows he is facing death because of the murder "murder of Brian, Kristen and Steven." (9/22/10 Tx. p. 115). Rhode explained that he attempted suicide because he wanted to be the one to make the decision how he died and that he wanted control over his death. The record indicates that Rhode has told numerous individuals why he is being punished (for the murder of three people) and that he understands the nature of that punishment.

For these reasons, the Court finds that Rhode has not made a substantial showing of the likelihood of success and DENIES his motion for stay. Additionally, the Court finds that

Petitioner has not shown that the state court's decision is contrary to, or involved an unreasonable application of, clearly established Federal law.  Moreover, he has not shown the state court's decision was based on any unreasonable factual findings. Therefore, the Court **DENIES** Petitioner's Petition for Writ of Habeas Corpus By a Person in State Custody.

**SO ORDERED**, this 27th day of September, 2010.

<u>S/ C. Ashley Royal</u>
C. ASHLEY ROYAL, JUDGE
UNITED STATES DISTRICT COURT